IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONOVAN L. WENTLING, | ) | CASE NO. 3:07CV3089 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BOYKO |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| ERNIE MOORE, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Donovan L Wentling ("Wentling") petitions this court for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on October 9, 2007. Wentling is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to a journal entry of sentence in the case of *State of Ohio v. Wentling*, Case No. 05-CR-0089 (Wyandot County 2005). For the reasons given below the magistrate judge recommends that the petition be denied.

I

On December 30, 2005 the prosecuting attorney of Wyandot County filed an information against Wentling asserting two counts of gross sexual imposition, one count of rape, and one count of attempted rape. The state appellate court reviewing Wentling's conviction and sentence found the following facts to be relevant to his case:

{¶ 2} On January 17, 2006, Wentling appeared in the Wyandot County Court of Common Pleas, waived his right to indictment, and consented to proceed by way of a bill of information.  Additionally, Wentling signed a written plea agreement, wherein he pled guilty to one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree (hereinafter referred to as "Count One"); one count of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree (hereinafter referred to as "Count Two"); one count of attempted rape in violation of R.C. 2907.02(A)(1)(b) and R.C. 2923.02(A), a felony of the second degree (hereinafter referred to as "Count Three"); and, one count of gross sexual imposition in violation of R.C. 2907.05(A)(1), a felony of the fourth degree (hereinafter referred to as "Count Four").  Further, Wentling signed a stipulation, against the advice of his counsel, that provided the following findings by the Court at the time of sentencing:

> 1) pursuant to O.R.C. Section 2929.13(B)(2), the shortest prison term on each Court in the Bill of Information will demean the seriousness of the Defendant's conduct; and
>
> 2) pursuant to O.R.C. 2929.12(B):
>
> A) the crimes committed by the Defendant are sexually oriented offenses as defined in O.R.C. Section 2950.01(D); and
>
> B) the victim suffered serious psychological harm as a result of the offenses; and
>
> C) the offender's relationship with the victim facilitated the offenses; and
>
> 3) pursuant to O.R.C. Section 2929.14(E)(4), consecutive sentences for these offenses are necessary to punish the offender; and consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger he poses to the public; and pursuant to O.R.C. Section 2929.14(E)(4)(b), the offenses committed against [the victim] were part of a course of conduct and the harm caused by the offenses was so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct adequately reflects the seriousness of the Defendant's conduct.
>
> The above Stipulation is entered into for the purposes of sentencing, see *Blakely v. Washington* (2004), 542 U.S. 296,*but see, State v. Trubee,* 3rd Dist. No. 9-03-65, 2005-Ohio-522(*Blakely,* supra, does not apply to the Ohio sentencing statutes); and the State of Ohio and the Defendant each reserve the right to introduce evidence and/or speak at the time of sentencing.

{¶ 3} In February 2006, the State and Wentling each moved to read the presentence investigation report prepared in the case, and the trial court granted both motions.

{¶ 4} On March 7, 2006, the trial court held a sexual predator classification and

sentencing hearing.  At the hearing, Wentling moved for the trial court to either withdraw or not consider the stipulation he entered into in January 2006, because the stipulation was entered into because of the *Blakely* decision and against advice of counsel, which the trial court took under advisement.  Additionally, Wentling moved to have the Judge recuse herself from the case, for a continuance, and to seal the presentence investigation report, all of which the trial court denied.  Also, Wentling argued that the trial court was required to impose minimum sentences, which would run concurrently, because to do otherwise would be an ex post facto violation.

{¶ 5} Further, the trial court acknowledged that it "fully considered the information contained in the presentence investigation report prepared by the Adult Parole Authority. * * * [And, that it] also considere[d] the Victim Impact Statements and information presented at this hearing, and the record and the * * * information received at the designation hearing as agreed to from the expert called by the defense."  (Tr. p. 202).

{¶ 6} After the hearings, the trial court sentenced Wentling to four years on Count One, to a mandatory term of nine years imprisonment on Count Two, to seven years imprisonment on Count Three, and to seventeen months imprisonment on Count Four.  Additionally, the trial court ordered that sentences imposed on Count One, Count Two, and Count Three shall be served consecutively and that the sentence imposed for Count Four shall be served concurrently to the sentences imposed for Counts One, Two, and Three.

*State v. Wentling*, 2007 WL 136293, at *1-*2 (Ohio App. Jan. 22, 2007)

Wentling filed a timely notice of appeal.  In his brief in support of his appeal, Wentling asserted the following two assignments of error:

> 1.  The Trial Court violated the Appellant's due process rights by imposing a sentence more than the minimum term for the offenses in question and consecutive sentences where the offenses were committed before the decision of the Ohio Supreme Court in State v. Foster, 109 Ohio St. 3d 1 (2006)[,] and the Appellant was sentenced after the announcement of the decision in State v. Foster;
> 2.  The Trial Court committed reversible error as a matter of law by relying on facts not admitted to by the Appellant or found by a jury in imposing sentence upon the Appellant herein.

On January 22, 2007, the state appellate court overruled Wentling's assignments of error and affirmed the judgment of the trial court.  Wentling filed an application for reconsideration on February 5, 2007.  The state appellate court overruled Wentling's

application on February 23, 2007.

Wentling filed a notice of appeal in the Ohio Supreme Court on March 5, 2007.  In his memorandum in support of jurisdiction, Wentling asserted three propositions of law:

> **PROPOSITION OF LAW NO. I:**
> Defendant-Appellant's 20 year sentence is void where the trial court made and used judicial factfindings that prevented him from receiving the shortest prison term as mandated by R.C. 2929.14(B), in violation of his absolute right to procedural due process of law. . . .
>
> **PROPOSITION OF LAW NO. II:**
> Defendant appellant has been deprived of his absolute right to procedural due process of law where the State of Ohio failed to prove any enhancers beyond a reasonable doubt thereby implicitly acquitting Appellant mandating that his sentence be reduced to no more than (3) three years.
>
> **PROPOSITION OF LAW NO. III:**
> Defendant-Appellant's sentence must be reduced to the maximum/minimum sentence of three (3) years notwithstanding  the dicta opinion of State v. Foster, [2006], 109 Ohio St. 3d 1, in order to avoid violation of the ex post facto & double jeopardy clause[s] of the Ohio and United States Constitution.

On June 6, 2007, the Ohio Supreme Court denied Wentling leave to appeal and dismissed his appeal as not involving any substantial constitutional question.

Wentling filed in this court a petition for a writ of habeas corpus on October 9, 2007.  Wentling asserts three grounds for relief in his petition:

> GROUND ONE:  Defendant-Appellant's 20 year sentence is void where the trial court made and used judicial fact findings that prevented him from receiving the shortest prison term as mandated by O.R.C. 2929.14(B), in violation of his absolute right to procedural due process of law.
>
> GROUND TWO:  Defendant appellant has been deprived of his absolute right to procedural due process of law where the State of Ohio failed to prove any enhancers beyond a reasonable doubt thereby implicitly acquitting Appellant mandating that his sentence be reduced to no more than (3) three years.
>
> GROUND THREE:  Defendant-Appellant's sentence must be reduced to the maximum/minimum sentence of three (3) years notwithstanding  the dicta opinion of State v. Foster, in order to avoid violation of the ex post facto and double jeopardy

clause[s] of the Ohio and United States Constitution.

(Punctuation altered from the original.) Respondent filed an Answer on March 17, 2008. Doc. No. 8. Wentling has not filed a Traverse. The petition is ready for decision.

II

A. *Jurisdiction*

Writs of habeas corpus may be granted by a district court within its respective jurisdiction:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) and (d).

Wentling was convicted in the court of common pleas in Wyandot County. At the time he filed his writ of habeas corpus in the Northern District of Ohio, he was in prison pursuant to that conviction. His place of incarceration is the Lebanon Correctional Institution in Lebanon, Ohio. This court has jurisdiction over Wentling's petition.

B. *Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings. 28 U.S.C. § 2254(e)(2). There is no need for an evidentiary hearing in the instant case. All of Wentling's claims involve legal issues which can be independently resolved without additional factual inquiry.

*C. Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991). If any state procedures for relief remain available, the petitioner has not exhausted state remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies. *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*, 794 F.2d 1168. 1174 (6th Cir. 1986). The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

Wentling has no remaining state remedies for his claims. Because Wentling has no remaining state remedies, his claims are exhausted.

*D. Procedural default*

Procedural default occurs when a petitioner fails to present his constitutional claims fairly to the highest state court in a federal constitutional context. *Anderson*, 489 U.S. 4; *Picard*, 404 U.S. 270. Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state

6

proceeding due to respondent's failure to raise them there as required by state procedure."

*Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Respondent does not contend that Wentling has procedurally defaulted any of his claims.

III

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus. As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the current deferential standard of review, a writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. *Carey v. Musladin*, 549 U.S. ___, 127 S. Ct. 649, 653 (2006); *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000). Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction. *Carey*, 127 S. Ct.,

7

at 653.

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams*, 529 U.S. at 404-05 (emphasis added by the quoting court). A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that reached by Supreme Court holdings on a question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result. *Id.* at 405-06. "A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases." *Id.* at 405. A decision involves an unreasonable application of federal law only if the deciding court correctly identifies the legal principle at issue and unreasonably applies it to the facts of the case at hand. *Doan v. Brigano*, 237 F.3d 722, 729-31 (6th Cir. 2001). If a court fails to identify the correct legal principal at issue, the "unreasonable application of" clause does not apply. *Id.* at 730.

"[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner, however, may rebut "the presumption of correctness by clear and convincing evidence." *Id.* This court will consider Wentling's grounds for relief under the deferential standard of review accorded the state court's determination of a prisoner's constitutional claims.

8

*A.     Ground one: Whether Wentling was denied due process when the trial court made and used judicial factfinding to sentence Wentling to more than the shortest sentence for his crimes*

Wentling argues in his first ground for relief that he was denied due process when the trial court sentenced him to more than the minimum sentence on the basis of impermissible judicial findings of fact. Respondent answers that Wentling's claim is without merit because the court made no impermissible findings of fact and considered factors permitted by law in sentencing Wentling.

When Wentling committed his crimes, Ohio Rev. Code § 2929.14 ("§ 2929.14") governed sentencing in Ohio. Section 2929.14(B) provided as follows:

> (B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(5), (D)(6), or (G)[1] of this section, in section 2907.02 of the Revised Code, or in Chapter 2925 of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
>
> (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
>
> (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

Section 2929.14(A)(1) provided that for a felony of the first degree "the prison term shall be three, four, five, six, seven, eight, nine, or ten years." Section 2929.14(A)(2) provided that for a felony of the first degree "the prison term shall be two, three, four, five, six, seven, or eight years." Section 2929.14(A)(3) provided that for a felony of the first degree "the prison term shall be one, two, three, four, or five years." To sentence a defendant who was

---

[1] Sections 2929.14(C), (D), & (G) were not applicable to Wentling's offense.

not serving a prison sentence or had not previously served a prison sentence to more than a minimum sentence in these three ranges, the court was required to make findings of fact described at Ohio Rev. Code § 2929.12(B)-(E) ("§ 2929.12(B)-(E)").

On June 24, 2004, the United States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* held that the maximum sentence to which a court may sentence a defendant is the maximum sentence the court may impose solely on the basis of a prior conviction, facts reflected in the jury verdict, or facts admitted by the defendant. *Blakely*, 542 U.S. at 303. That is, the court may not enhance a defendant's sentence on the basis of judicial findings of fact other than notice of a prior conviction.

Most of the findings of fact mandated by §§ 2929.14(B) & (C) and 2929.12(B)-(E) were the sort barred by *Blakely*. On February 27, 2006, in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006), the Ohio Supreme Court overturned § 2929.14(B) & (C) as unconstitutional in light of *Blakely*. *Foster* severed these unconstitutional portions of Ohio's sentencing statutes and preserved most of the remainder of those statutes. The resulting statutes allowed a court to sentence a defendant to any term within a crime's sentencing range without making findings of fact.

In the instant case, Wentling was sentenced to four years' imprisonment for the first count of gross sexual imposition, a felony of the third degree; nine years' imprisonment for rape, a felony of the first degree; seven years' imprisonment for attempted rape, a felony of the second degree; and seventeen months' imprisonment for the second count of gross sexual imposition, a felony of the third degree. Each of these sentences was greater than the minimum sentence within its respective range. In reaching these sentences, the court considered the report of Dr. James Barna, a psychologist who interviewed and tested

Wentling; heard testimony by the victim's family; and examined photographs of the victim, the report of the victim's therapist, and a victim impact statement. In sentencing Wentling, the court stated the following:

> While no fact finding is necessary the Court will state, given the nature of the charges, that to impose the shortest prison term possible upon the Defendant fro each of these offenses would demean the seriousness of the offense[,] which was the victimization of a child over a number of years.

*Nunc Pro Tunc* Judgment Entry, Answer, Exh. 5, p. 6. Wentling contends that the court's factfinding ran counter to the holding in *Blakely* and violated due process because this factfinding was used to "enhance" Wentling's sentence above the minimum.

Wentling's contention is erroneous, for two reasons. First, Wentling's argument rests on the erroneous assumption that the trial court "enhanced" Wentling's presumptive minimum sentence. Wentling incorrectly assumes that Ohio still has a presumptive minimum sentence and that any upward departure from that presumptive minimum is an "enhancement." Wentling errs. There is no "presumptive minimum" and no "enhancement." *A sentencing court in Ohio has complete discretion to sentence a defendant to any sentence within the range authorized for that level of crime.* The court need not find any facts or even give any reasons for its choice of sentence: "[T]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.*, 109 Ohio St. 3d at 30, 845 N.E.2d at 498. As there was no "enhancement" used in Wentling's sentencing, Wentling cannot argue that an "enhancement" violated his due process rights.

Second, giving a court full discretion to select any sentence within a range of

11

sentences for whatever reason it deems appropriate, *even if the court engages in judicial fact-finding in reaching its sentencing determination*, does not violate the holding in *Blakely*. Justice Scalia made this clear in his majority opinion in *Blakely*:

> [T]he Sixth Amendment by its terms is not a limitation on judicial power, but a reservation of jury power.  It limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury.  Indeterminate sentencing does not do so.  It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty.  Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion.  But the facts do not pertain to whether the defendant has a legal *right* to a lesser sentence--and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned.  In a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail.  In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the burglar who enters a home unarmed is *entitled* to no more than a 10-year sentence--and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury.

*Blakely*, 542 U.S. at 308-09.

The court sentencing Wentling had full discretion to select any sentence it deemed appropriate within the relevant sentencing ranges and was entitled to engage in any fact-finding it thought necessary in reaching the appropriate sentence,  This did not violate the holding in *Blakely* and did not violate Wentling's due process rights. For these reasons, the court should overrule Wentling's first ground for relief.

B.      *Ground two:  Whether Wentling was denied due process when the state failed to prove any enhancers beyond a reasonable doubt*

In his second ground for relief, Wentling contends that his right to due process was violated when the sentencing court used "enhancers" to sentence him to more than the minimum sentence even though the state failed to prove any of the facts necessary to permit the use of such "enhancers."

12

As just discussed above, at the time Wentling was sentenced there was no presumption of a minimum sentence and no need to find facts necessary to justify "enhancers" to depart from a presumptive minimum. The trial court had full discretion to sentence Wentling to any sentence within the prescribed range for any reason or no reason, with or without engaging in judicial fact-finding. Moreover, the state had no burden to prove *anything* before the court could select any sentence within the appropriate sentencing range. Because the factual basis of Wentling's argument is entirely erroneous, his argument is without merit. For this reason, the court should overrule Wentling's second ground for relief.

*C.   Ground three:  Wentling's sentence must be reduced to the maximum/minimum sentence of three years to avoid violating the ex post facto clause of the United States Constitution*

Wentling argues that sentencing him to more than three years' imprisonment under the Ohio sentencing statute re-fashioned by *Foster* violates the *ex post facto* clause of the United States Constitution.[2] Respondent denies that Wentling's sentencing violated the *ex*

---

[2]   Wentling also contends that a sentence above three years violates the Ohio Constitution. In reviewing the decisions of state courts, this court does not consider questions of state law:

> "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764 (1990);  see also *Pulley v. Harris,* 465 U.S. 37, 41 (1984). . . .  [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, whether Wentling's sentence violated the *ex post facto* clause of the Ohio Constitution is a matter beyond this court's authority to determine.

Wentling also argues that any attempt to re-sentence him using "sentence enhancers" would violate the double jeopardy clauses of the United States and Ohio

*post facto* clause.

Article I, § 10 of the United States Constitution provides that no state shall pass *ex post facto* laws. U.S. Const, Art. I, § 10. The Constitution's bar against *ex post facto* laws, however, does not apply to courts:

> The *Ex Post Facto* Clause, by its own terms, does not apply to courts. Extending the Clause to courts through the rubric of due process . . . would circumvent the clear constitutional text. It also would evince too little regard for the important institutional and contextual differences between legislating, on the one hand, and common law decisionmaking, on the other.

*Rogers v. Tennessee,* 532 U.S. 451, 460 (2001).

Although the *Ex Post Facto* Clause does not apply to courts, "limitations on *ex post facto* judicial decisionmaking are inherent in the notion of due process." *Id.* at 456. In particular, the Supreme Court has found that court may not unexpectedly and indefensibly construe a criminal statute so as to criminalize conduct which had not been criminal prior to the court's new construction. *See Bouie v. City of Columbia*, 378 U.S. 347 (1964). The Supreme Court has explicitly declined to apply all the protections of the *Ex Post Facto* Clause to courts by way of the due process clause:

> To the extent petitioner argues that the Due Process Clause incorporates the specific prohibitions of the *Ex Post Facto* Clause . . . petitioner misreads *Bouie.* [N]owhere in the opinion did we go so far as to incorporate jot-for-jot the specific categories of [protection in the *Ex Post* Facto Clause] into due process limitations on the retroactive application of judicial decisions.
>
> Nor have any of our subsequent decisions addressing *Bouie*-type claims interpreted *Bouie* as extending so far. Those decisions instead have uniformly viewed *Bouie* as restricted to its traditional due process roots. In doing so, they have applied *Bouie*'s check on retroactive judicial decisionmaking not by reference to the *ex post facto* categories [of protection], but, rather, in accordance with the more basic and

---

constitutions. As there is no need to re-sentence Wentling, this argument is moot.

> general principle of fair warning that *Bouie* so clearly articulated.
>
> Petitioner observes that the Due Process and *Ex Post Facto* Clauses safeguard common interests-in particular, the interests in fundamental fairness (through notice and fair warning) and the prevention of the arbitrary and vindictive use of the laws. While this is undoubtedly correct, petitioner is mistaken to suggest that these considerations compel extending the strictures of the *Ex Post Facto* Clause to the context of common law judging. . . . Moreover, "[g]iven the divergent pulls of flexibility and precedent in our case law system," incorporation of the [categories of protection in the *Ex Post* Facto Clause] into due process limitations on judicial decisionmaking would place an unworkable and unacceptable restraint on normal judicial processes and would be incompatible with the resolution of uncertainty that marks any evolving legal system.

*Id.* at 458-461 (citations omitted).

In the present case, Wentling argues that by granting full discretion to courts to sentence defendants to any term within a sentencing range without making specific findings of fact, *Foster* deprived defendants of certain rights to appeal their sentence. In his own case, Wentling adds, this amounts to a retroactive application of the law fashioned by *Foster*:

> Appellant's crimes occurred in 2000-2005. Therefore <u>Foster</u> is retroactive in its application. And <u>Foster</u> disadvantages Appellant because as the instant case makes clear, pre-<u>Foster</u> had a substantive right to appeal his sentence pursuant to O.R.C. § 2953.08(A)(4) and 2953.08(D). as either being contrary to law and or unauthorized by law respectively, whereas post-<u>Foster</u> his substantive right no longer exists, because once <u>Foster</u> is followed by sentencing courts, all sentences are unreviewable.

(untitled attachment), Petition, Doc. No. 1, unnumbered pages (punctuation altered from the original). Ohio Rev. Code § 2953.08(A)(4) ("§ 2953.08(A)(4)") provides in relevant part: "In addition to any other right to appeal . . . a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds: . . . (4) the sentence is contrary to law." Ohio Rev. Code § 2953.08(D) ("§ 2953.08(D) ") provides in relevant part: "A sentence imposed upon a

15

defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and prosecution in the case, and is imposed by a sentencing judge."

Clearly, § 2953.08(D) has no application to Wentling's case. First, the subsection does not provide a ground for appeal. To the contrary, rather than providing a ground for an appeal, the subsection places *limits* on the right to appeal. Consequently, Wentling cannot argue because of *Foster* he lost an appellate right provided by § 2953.08(D). Second, § 2953.08(D) applies only to sentences that were jointly recommended by the defendant and prosecution. There is no indication in the record that Wentling and the prosecution recommended the sentence imposed on Wentling.

As regards § 2953.08(A)(4), Wentling's contention that after *Foster* sentences are unreviewable as contrary to law is simply wrong. Should a court sentence a defendant to 15 years' imprisonment for committing a felony of the first degree, for example, that sentence could be overturned as contrary to law because a 15 year sentence is not one of the terms authorized by Ohio law for commission of a felony of the first degree. *See* § 2929.14(A)(1). The grounds on which a sentence might be appealed, however, are effectively more limited after *Foster*. In particular, because the sentencing court is not required to make findings of fact to justify a sentence greater than the minimum within a sentencing range, it is no longer possible to appeal such a sentence on the grounds that the court based a departure from the minimum sentence on a mistake of fact or on factors not authorized by law. To that extent, Wentling might argue that the retroactive application of the holding in *Foster* to his case deprived him of an appellate right.

However, Wentling cannot obtain habeas relief based on such a claim. The

16

Supreme Court has never held that the retroactive application of a judicial reconstruction of a statute that results in the loss of a right to appeal a sentence based on a mistake of fact or law violates the due process clause of the United States Constitution. As Wentling's sentence was not contrary to a holding of the Supreme Court, it was not contrary to clearly established federal law.[3] Because Wentling's sentence was not contrary to clearly established federal law, Wentling cannot obtain habeas relief based a claim that his sentence violated the *Ex Post Facto* Clause or due process. For this reason, the court should overrule Wentling's third ground for relief.

IV

For the reasons given above the court should overrule Wentling's grounds for relief and deny his petition.

Dated: June 17, 2008         s\ Nancy A. Vecchiarelli
                             Nancy A. Vecchiarelli
                             United States Magistrate Judge

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** ***See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).** ***See also Thomas v.Arn*, 474 U.S. 140 (1985),** ***reh'g denied*, 474 U.S. 1111 (1986).**

---

[3] Wentling does not cite any Supreme Court holding allegedly violated by the application of *Foster* to his sentencing.

17